UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA MARIA MATEUS ROZO,

    Plaintiff,

v.                                                               Case No:   6:17-cv-1266-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

Pending before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 24). Plaintiff requests an award of fees in **the amount of $6,612.59** and costs in **the amount of $400**. The motion includes a schedule of the attorney's billable hours to support the application (Doc. 24-4). On June 28, 2018, the Court entered a final order reversing and remanding the Commissioner's administrative decision, pursuant to 42 U.S.C. § 405(g) (Doc. 20). The Clerk of Court entered judgment later that day (Doc. 21). Plaintiff timely filed her application for attorney's fees asserting that she is the prevailing party, the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time the proceeding was filed was less than two million dollars[2] (Doc. 24 at 1-2).

---

[1] On October 11, 2017, both parties consented to the magistrate judge's exercise of jurisdiction over the instant motion (Doc. 9).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special

The Commissioner opposes the motion for EAJA fees on the grounds that her position in this case was substantially justified (Doc. 25 at 2-6). The Commissioner argues that the administrative law judge ("ALJ") articulated sufficient reasons for his determination of Plaintiff's ability to understand and communicate in English, and because a genuine dispute existed, the award of EAJA fees would be improper (Doc. 27 at 2-6). With permission from the Court, Plaintiff filed a reply in which she argues that the Commissioner has failed to point to any evidence that contradicts the findings made by the Court (Doc. 30 at 4).

"The standard for substantial justification is one of reasonableness." Stanley v. Astrue, Civil Action File No. 1:08-cv-1675-RGV, 2011 WL 13228311, at *2 (N.D. Ga. Mar. 29, 2011) (citing Stratton v. Bowen, 827 F.2d 1447, 1449 (11th Cir. 1987) and Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam)); Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The burden is on the government to 'show that its case had a reasonable basis both in law and fact.'" Stanley, 2011 WL 13228311, at *2 (citing Stratton, 827 F.2d at 1449-50). "The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." Id. (quoting Williams v. Astrue, Civil Action No. 09-00540-N, 2010 WL 4736288, at *1 (S.D. Ala. Nov. 15, 2010)).

The Commissioner's decision in this case was not substantially justified because it was not based on substantial evidence. The ALJ failed to apply the correct standard in evaluating Plaintiff's ability to communicate in English:

> The ALJ based his decision on a number of factors. In his written opinion, the ALJ concluded that Plaintiff was

---

circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

> "principally a Spanish speaker" but he observed that she had
> "some [understanding of, or] ability to communicate in English"
> (Tr. 38). At the hearing, Plaintiff testified through an interpreter
> that she had difficulty speaking and remembering words in
> English (Tr. 50-72). The ALJ found it significant that Plaintiff
> had completed high school in Columbia, that she came to the
> United States in 2001 or 2002, and that she was employed in
> this country for more than a decade (Tr. 38, 55). The ALJ did
> not inquire further. **The ALJ's finding of "[a]t least some
> understanding of English" is not the standard articulated in the
> regulations.** Consequently, the Court finds that the ALJ failed
> to articulate substantial evidence to support his conclusion
> that Plaintiff could read or write English.
>
> . . . .
>
> At the hearing, a vocational expert evaluated the employment
> prospects of an individual with Plaintiff's RFC who was a
> predominantly ... Spanish speaker." (Tr. 69). The expert
> concluded that the factor would have no bearing on the
> number of jobs available to Plaintiff. (Tr. 70). **But,
> "predominantly Spanish speaker" is not the standard under
> the regulations and the expert's conclusion cannot be
> regarded as substantial evidence to justify the ALJ's
> conclusion.**

(Doc. 20 at 6 and n. 4) (emphasis added). The ALJ's failure to apply the standard established by law and the regulations is unreasonable. See Hollinger v. Colvin, Civil Action No. 13-0127-CG-N, 2014 WL 2452889, at *3 (S.D. Ala. June 2, 2014) (citing Bonner v. Colvin, CA 12-00603-C, Doc. 27 at 3-6 (entered Feb. 4, 2014) ("[T]he undersigned simply notes that the ALJ's failure to apply the correct legal standard in assessing the claimant's credibility was not substantially justified ... [and concludes by] find[ing] no reasonable basis in law for the ALJ's failure to follow the law in the Eleventh Circuit regarding assessing a claimant's credibility, or for the Commissioner to take the position in this Court that the ALJ's credibility analysis was sufficient.") and Koschnitzke v. Barnhart, 293 F. Supp. 2d 943, 952 (E.D. Wis. 2003) ("[T]he Commissioner's position on the issue of plaintiff's credibility was not substantially justified. The ALJ committed an

error of law by failing to follow SSR-96-7p, and his observations were not supported by substantial evidence.")). "[A] reasonable mind must conclude that when the [Commissioner]'s position was not based upon substantial evidence, it cannot be found substantially justified." Id. (citing Cockerham v. Sec. Health and Human Svcs., Civ.A No. 87-1276, 1990 WL 11355, at *3 (E.D. La. Jan. 31, 1990). Thus, the Commissioner's position must "be reasonable both in fact and law to be substantially justified." Thompson v Astrue, Civil Action No, 1:09cv402-CSC, 2011 WL 521636, at *2 (M.D. Ala. Feb. 15, 2011); Davis v. Colvin, Civil Action No. 2:13cv413-CSC, 2014 WL 3889431, at *2 (M.D. Ala. Aug. 7, 2014). In this case, it was not. The Commissioner has not cited any other basis for denying Plaintiff fees and costs. And, the Court is unaware of any motion to reconsider its final order entered June 28, 2018. Therefore, I reject the Commissioner's belated attempt to relitigate matters already decided against her.

Now, Plaintiff's motion for EAJA fees (Doc. 24) is **GRANTED**. Plaintiff shall recover EAJA fees **in the amount of $6,612.29** and costs **in the amount of $400**.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record